Albertus K. Aken *v.* Rolph Marsh and another.

Appeal from the Commercial Court of New Orleans, *Watts,* J.

This case was submitted, without argument, by *Bartlette,* for the appellant, and *Maybin* for the defendants.

Morphy, J. The petitioner claims $1642 27, being, as he alleges, a balance due him for his services to the defendants as clerk, from the 23d of November, 1835, to the 28th of January,

1840, at the rate of $1000 per annum. The answer sets forth that in the fall of 1835, the plaintiff, who is the nephew of the defendants, was, at his own request, placed by his father under their care, and in their establishment as coach-makers in this city, for the purpose of assisting in the duties of the establishment, and acquiring a knowledge of the business. That he was to remain with them till he was twenty years of age, and that his compensation for that time was to consist in his being clothed and boarded at their expense ; that pursuant to this agreement the plaintiff, who resided in New Jersey with his father, visited this city, and remained with the defendants, with some intervals, until the month of March, 1839, when he became 20 years of age. That after this period, the defendants agreed with the plaintiff to pay him for his services at the rate of $75 per month while he remained with them, which he did, with the exception of some intervals, till about January, 1840. That while he was under the age of twenty years, the defendants clothed, boarded, and took all possible care of him, and paid his expenses for that time, which far exceeded the amount called for by their agreement, his services not having been worth more than his clothing and board. That the defendants have paid to the petitioner the full amount of what was due to him while in their employ after attaining the age of twenty, at the rate of seventy-five dollars per month, the whole amount paid to or for him being $2210 24. There was a judgment below for the defendants, from which the plaintiff has appealed.

Our attention has been called to a bill of exceptions to the opinion of the judge below, who admitted in evidence a paper purporting to be an open letter, or 'proposition of the plaintiff to his father, stating the terms or expectations under which he wished to go into the employ of the defendants, and craving his written consent thereto at the foot of the paper, which appears to have been afterwards signed by the plaintiff, by John Aken his father, and by Rolph Marsh, one of the defendants. The objections taken were, that it was not an agreement with Rolph Marsh & Co., Rolph Marsh being a party thereto in his individual capacity ; and that there was an erasure and interlineation in an important part of the instrument. The paper was, in our opinion, properly received. It treats of the business of the defendants, and not of

that of Rolph Marsh alone. The plaintiff speaks in it of his uncles John and Rolph, and of his coming to New Orleans in their employ. One of the partners was surely competent to sign such an agreement for the firm. As to the interlineations, they appear to be in the hand-writing of the plaintiff himself, and, moreover, are not in our opinion very material.

On the merits, we have examined the evidence adduced by both parties, and, upon the whole, agree in opinion with the judge *a quo*, that the defendants have made out the defence set up in their answer.

*Judgment affirmed.*